IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREGORY K. CLINTON,

        **Plaintiff,**

v.                                                       Civil Action No. 1:21cv16
                                                           (Judge Kleeh)

**JUDGE NIEMEYER, Fourth Circuit
Court of Appeals; JUDGE FLOYD,
Fourth Circuit Court of Appeals; and
JUDGE RICHARDSON, Fourth Circuit
Court of Appeals,**

        **Defendants.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, Gregory K. Clinton ("Clinton"), an inmate currently incarcerated at FCI Gilmer in Glenville, West Virginia, filed a Bivens civil rights complaint on February 3, 2021. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP").

This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2.

## I. The Complaint

In his complaint, Plaintiff is seeking damages for actions allegedly taken by three judges who authored three separate *per curiam* unpublished opinions in certain non-appealable interlocutory appeals that he filed in the Fourth Circuit Court of Appeals. ECF No. 1 at 2. Plaintiff's claims contend that none of the three defendant judges are entitled to immunity because they "admit they do not have jurisdiction in these three appeals, therefore are subject to civil suit." Id. at 7. Further, Plaintiff alleges each of the defendant judges are guilty of "Obstructing Justice[.] See: bamboozle. See: Hoodwink. See: 'Frivolous.'" Id. He contends that each of the three have

committed "Treason to the Constitution" and "Conspiricy [sic] Against Rights." Id. at 8. Plaintiff contends that his Fifth Amendment Due Process rights, 18 U.S.C. §§ 241 and 242, and his Tenth and Fourteenth Amendment rights have all been violated, and that "extortion" has occurred. Id. He argues that because "these judges perside [sic] in the second highest court in our judical [sic] system, an example has to be made deliberant [sic] indifference, annoyance, anxiety, declaratory harassment, [and] injunctive [sic][.] Id.

As relief, Plaintiff seeks unspecified compensatory and nominal damages. Id. Further, he seeks punitive damages from each judge in the amount of $25 billion dollars each; their removal from the bench forever, their arrest, "press charges," and a "speedy trial" because "they admitted guilt. No jurisdiction." Plaintiff requests that the "total amount 75 Billion Dollars" be deposited into his inmate trust account. Id.

Attached to his complaint are copies of three unpublished *per curiam* opinions from Fourth Circuit appeals that Plaintiff has filed: Case No. 20-7551 (appeal of an order overruling his objections to a magistrate judge's order denying his motion to appoint counsel in a Bivens action); Case No. 20-7527 (appeal of a motion to recuse a district judge presiding over his § 2241 petition); and Case No. 20-7525 (appeal of a magistrate judge's order denying his motion for appointment of counsel in a Bivens action). See ECF Nos. 1-1, 1-2, 1-3. Each of these appeals was denied for lack of jurisdiction.  Plaintiff also attaches a partial copy of an October 21, 2020 letter from the Office of the Clerk, United States Court of Appeals for the Fourth Circuit [ECF No. 1-4]; a copy of a docket from Case No. 20-7551 in the Fourth Circuit; a copy of an August 7, 2020 letter from the Clerk at the Fourth Circuit regarding a § 1983 action Plaintiff apparently attempted to file there. ECF No. 1-6.

Plaintiff denies having exhausted his administrative remedies prior to filing suit, because "BOP has no authority over the Fourt[h] Circuit Court of Appeals." Id. at 3 – 5.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious must be dismissed. 28 U.S.C. § 1915A (b).

A complaint is frivolous if it is without arguable merit in either law or in fact. Neitzke v. Williams, 409 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b) (6) is not automatically frivolous. See Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are indisputably meritless, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

### A. Judges Niemeyer, Floyd, and Richardson

The claims against Fourth Circuit Court of Appeals Judges Niemeyer, Floyd, and Richardson should be dismissed because they are protected by judicial immunity. The Supreme Court has held that judges are absolutely immune from lawsuits related to the exercise of their

3

judicial jurisdiction. Pierson v. Ray, 386 U.S. 547, 554 (1967); Mireles v. Waco, 502 U.S. 9, 11 (1991) (*per curiam*). Magistrates are also entitled to absolute immunity for acts performed in their judicial capacity. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). However, a judge who acts without jurisdiction, or who has not performed a judicial act, has no absolute judicial immunity. Stump v. Sparkman, 435 U.S. 349, 356 (1978). In determining whether an act is a judicial act, the court must consider "whether [the act] is [a] function normally performed by a judge" and "whether [the parties] dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362.

In this case, the acts alleged against Judges Neimeyer, Floyd, and Richardson, all Judges of the Fourth Circuit Court of Appeals in Richmond, Virginia, only concern actions that they undertook in the process of presiding over Plaintiff's interlocutory appeals, such as evaluating legal claims, deciding motions, and submitting orders. Therefore, Judges Neimeyer, Floyd, and Richardson's actions are those normally performed by judges and they are entitled to judicial immunity. Accordingly, none of these judges are proper defendants and all three should be dismissed from this action.

### IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the Plaintiff's claims against all three of these defendants be **DISMISSED with prejudice as frivolous** pursuant to 28 U.S.C. § 1915A(b)(1).

Further, the undersigned **RECOMMENDS** that Plaintiff's pending motion to proceed as a pauper [ECF No. 2] be **DENIED as moot.**

The Plaintiff is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b),

Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the **Plaintiff shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12(d). Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as shown on the docket.

Further, upon entry of this Report and Recommendation, the Clerk is also **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: February 16, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE